HANCOCK, Appellant,

v.

KROGER COMPANY, Appellee.

[Cite as *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1504.

Decided May 4, 1995.

*Robert C. Paxton & Associates,* and *Robert C. Paxton, II; Russell D. Finneran,* for appellant.

*Lane, Alton & Horst,* and *T. Jeffery Beausay,* for appellee.

———————

CLOSE, Judge.

Plaintiff-appellant, Helen Hancock, appeals from an entry of dismissal filed by the Franklin County Court of Common Pleas, in favor of defendant-appellee, the Kroger Company. She brings the following assignments of error:

*"ASSIGNMENT OF ERROR NO. 1.*

"The Court of Common Pleas erred in holding that the 'double dismissal' rule, sometimes called the 'two dismissal' rule, of Civil Rule 41(A)(1), precluded Plaintiff–Appellant from maintaining her present action. * * *

*"ASSIGNMENT OF ERROR NO. 2.*

"For notices of dismissal to operate as an adjudication upon the merits, both dismissals must have been voluntary actions made solely by the Plaintiff, and a dismissal by Court entry pursuant to Civil Rule 41(A)(2) or by stipulation of the parties pursuant to Civil Rule 41(A)(1)(b) is not a dismissal made solely by the Plaintiff since some other action is required by either the defending party or the Court to effectuate the Dismissal. Thus, the Court of Common Pleas erred in finding that its entry filed August 26, 1991, which dismissed Plaintiff's then pending action pursuant to Civil Rule 41(A)(2), constituted a first voluntary dismissal for purposes of the 'double dismissal' rule of Civil Rule 41(A)(1). * * *

*"ASSIGNMENT OF ERROR NO. 3.*

"Plaintiff can dismiss her case without approval of the Court or any adverse party by filing a written notice before the trial begins, pursuant to Civil Rule 41(A)(1)(a). However, a second dismissal by a written notice under Civil Rule 41(A)(1)(a) operates as an adjudication upon the merits and bars the Plaintiff from pursuing that claim again. (See *Frysinger v. Leech* [1987], 32 Ohio St.3d 38, at page 42, 512 N.E.2d 337, at page 341.) A voluntary dismissal pursuant to Civil Rule 41(A)(1)(a) terminates the claim with prejudice despite contrary language in the notice, only when it is the second dismissal effected by a plaintiff's written notice without any participation of the opposing party or order of the court. (See *Graham v. Pavarini* [1983], 9 Ohio App.3d 89, 9 OBR 140, 458 N.E.2d 421, Syllabus No. 2.) Thus the Court of Common Pleas erred in failing to apply the law as above. * * *"

Although appellant presents several arguments on appeal, the dispositive issue concerns the availability of R.C. 2305.19, the saving statute, to appellant's most

recent attempt to bring suit against appellee. The relevant facts are as follows: On March 23, 1987, appellant was allegedly injured in a slip-and-fall accident at a Kroger store. On March 23, 1989, within the applicable statute of limitations, appellant filed her first complaint against appellee. That case was dismissed on January 8, 1990, by way of an "Entry of Dismissal Without Prejudice."

On January 7, 1991, appellant refiled the identical suit. That action was voluntarily dismissed by "Entry of Dismissal," dated August 26, 1991. The court's entry provided as follows: "At Plaintiff's instance, Plaintiff's Complaint is hereby voluntarily dismissed pursuant to Ohio Civil Rule 41(A)(2)." Consistent with the law of Ohio, that dismissal constituted a failure of the case otherwise than upon the merits, thereby invoking the saving statute. See *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337. Therefore, appellant was afforded one year from the date of dismissal to refile her case.

Appellant then refiled the same action a third time on August 27, 1992. That complaint was filed beyond the statute of limitations for the underlying cause of action, and in excess of the additional one year provided by the saving statute. The third action was dismissed on March 30, 1993, pursuant to appellant's "Notice of Dismissal Without Prejudice," pursuant to Civ.R. 41(A)(1)(a). Appellant then refiled her action for a fourth time on March 29, 1994.

In response to appellant's most recent filing, appellee filed a motion to dismiss. In support of its motion, appellee urged the trial court to apply the "two-dismissal rule," which prohibits the refiling of an action after a previous dismissal by the unilateral and voluntary actions of the plaintiff. Appellant challenged the motion on the basis that the Civil Rules only preclude the reinstitution of an action after two *notices* of dismissal are filed. Since the 1991 dismissal was not labeled as a notice, appellant argued that the 1993 dismissal does not bar her fourth filing. The trial court accepted appellee's position and barred the action on the basis that the 1991 and 1993 dismissals were at appellant's sole instance.

■ On appeal, we affirm the result of the trial court. Our opinion, however, is based on an application of the saving statute to the underlying facts. R.C. 2305.19, the saving statute, provides, in pertinent part:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

■ Initially, we note that voluntary dismissals, under Civ.R. 41(A)(1), amount to failures "otherwise than upon the merits" within the meaning of the saving statute. *Frysinger*, paragraph two of the syllabus. However, a recent line of

cases from the Ninth District Court of Appeals has articulated that the saving statute can be used only once to invoke an additional one-year time period in which to refile an action. See *Nagy v. Patterson* (Nov. 9, 1994), Lorain App. No. 94CA005837, unreported, 1994 WL 619797; and *Gailey v. Murphy* (Feb. 24, 1993), Summit App. No. 15805, unreported, 1993 WL 46647. Those cases hold that a case may only be extended by virtue of R.C. 2305.19 for one year after the initially filed action fails otherwise than upon the merits. The Eighth Appellate District joined in this reasoning in *Seawright v. Zabell* (Apr. 27, 1989), Cuyahoga App. No 55232, unreported, 1989 WL 42251. We agree with the holdings of the Eighth and Ninth Appellate Districts.

Assuming that the saving statute was available to appellant when she filed her third complaint, R.C. 2305.19 was not available to extend appellant's filing deadline yet another year after the 1993 dismissal. To so allow would frustrate the purpose of the civil rules which are intended to prevent indefinite filings.

For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LAZARUS, JJ., concur.