96 F.3d 1448
 1996-2 Trade Cases P 71,566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERN OLDSMOBILE-GMC TRUCK, INC., James Hern, Margaret Hern,
Thomas Hern, Nancy Hern, Lawrence Hern, and Jane
Hern, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORP. and General Motors Acceptance Corp.,
Defendants-Appellees.
 No. 95-3232.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs ("the Herns"), Hern Oldsmobile-GMC Truck, Inc. ("Hern Olds"), James Hern, Margaret Hern, Thomas Hern, Nancy Hern, Larry Hern, and Jane Hern, appeal summary judgment for the defendants, General Motors Corporation ("GM") and General Motors Acceptance Corporation ("GMAC"), in this action for breach of contract, fraud, conspiracy, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., violations of the Dealer's Day in Court Act, 15 U.S.C. § 1221 et seq., and violations of the Sherman Act, 15 U.S.C. § 1. The district court found the claims were barred by the statutes of limitation. For the reasons stated herein, this court AFFIRMS the decision of the district court.
 
 I.
 
 2
 James Hern and his sons, Thomas and Larry, owned and operated Hern Olds in Ohio. In 1988, a broker hired by Earl Miller contacted the Herns in regard to selling Miller's Oldsmobile dealership in Florida, Royal Oldsmobile-Jax, Inc. ("Royal Olds"). In October 1988, James Hern signed an Asset Purchase Agreement that provided that if the Herns were not able to assume Miller's mortgage, their purchase obligation was conditioned upon obtaining an appraisal "in a form acceptable to [their] lender" that the value of the Royal Olds dealership was at least $2,000,000. The Herns sent GMAC an appraisal valuing Royal Olds at $2.55 million that had been made by Charles Rogers in 1987, when Miller had acquired Royal Olds. A GMAC appraiser reviewed Rogers's appraisal and found that Royal Olds was worth between $1.8 and $2.0 million. Then GMAC hired Walter Lampe, an appraiser in Florida, to appraise Royal Olds. Lampe concluded that the property was worth $2.15 million. The loans requested by the Herns were approved. The Herns pledged the assets of Hern Olds as security. The purchase was closed in December 1988.
 
 
 3
 In 1990, the Herns ceased their operation in Florida, sold the Royal Olds assets, and defaulted on their GMAC loan. GMAC allowed the Herns to defer further principal payments until June 1, 1992. Upon the Herns' continued default, GMAC filed a replevin action in Ohio state court seeking the assets of Hern Olds that had been pledged as security for the loan.
 
 
 4
 On December 7, 1992, the Herns filed a federal diversity action in the Northern District of Ohio against GM, GMAC, Miller, Lampe, Walter Lampe and Associates, and R. Mark Slappey. Miller, Lampe, and Slappey were residents of Florida. That action was transferred to the Middle District of Florida. The Herns alleged that GM and GMAC committed fraud in connection with their purchase of Royal Olds. On November 19, 1993, the Herns voluntarily dismissed the action in Florida pursuant to FED.R.CIV.P. 41(a)(2).
 
 
 5
 In October 1993, GMAC consolidated claims for the money due under the loans with the replevin claims then pending in Ohio court. The Herns counterclaimed, alleging fraud in regard to their purchase of Royal Olds.[1] On June 30, 1994, while the state claims and counterclaims were still pending, the Herns filed this federal action against GM and GMAC. On July 7, 1994, the Herns voluntarily dismissed their counterclaims in Ohio court pursuant to OHIO R.CIV.P. 41(A)(1)(a). On August 30, the Ohio court granted GMAC's motion for summary judgment. The Herns appealed the state court judgment and the Ohio Court of Appeals affirmed. General Motors Acceptance Corp. v. Hern Oldsmobile-GMC Truck, Inc., No. 67921, 1995 WL 527593, at * 12 (Ohio Ct.App. Sept. 7, 1995). The Ohio Supreme Court refused to hear any further appeal. 661 N.E.2d 759 (Ohio 1996).
 
 
 6
 On January 31, 1995, the district court granted GMAC's motion for summary judgment and granted summary judgment to GM sua sponte, holding that the underlying claims were time-barred. The Herns appeal that judgment.
 
 II.
 
 7
 This court reviews an order granting summary judgment de novo. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must view the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 III.
 
 8
 The Herns' claims are based on events and conduct that occurred in 1988. This action was commenced on June 30, 1994, over five years later. Claims in Ohio on a contract for sale are subject to the four-year statute of limitations of OHIO REV.CODE § 1302.98. Claims in Ohio for fraud are subject to the four-year statute of limitations of OHIO REV.CODE § 2305.09(C). Claims in Ohio for conspiracy are subject to the four-year statute of limitations of OHIO REV.CODE § 2305.09(D). All civil claims brought under RICO are also subject to a four-year statute of limitations. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987). Claims under the Sherman Act are subject to the four-year statute of limitations of 15 U.S.C. § 15b. Claims under the Dealers' Day in Court Act are subject to the three-year statute of limitations of 15 U.S.C. § 1223.
 
 
 9
 Because this action was filed after all applicable federal statutes of limitation had run, the federal claims are time-barred. Relying on FED.R.CIV.P. 15(c), the Herns contend, "Both the RICO and Dealer's Day in Court claims[ ] relate back to the date of the original filing, December 7, 1992, and therefore, both claims were not time barred." This issue was not raised in the district court. Absent exceptional circumstances, this court ordinarily will not address an issue not first raised in the district court. Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). Even if there were such exceptional circumstances and this court were to address that contention, it lacks merit. The relevant part of that rule provides, "An Amendment of a pleading relates back...." FED.R.CIV.P. 15(c). The Herns' complaint in this action is not "[a]n amendment of" the complaint in the previous action filed in 1992 or any other "pleading"; it is a new pleading in a new action.
 
 
 10
 Because this action was filed after all applicable Ohio statutes of limitation had run, the state claims are time-barred. Relying on OHIO REV.CODE § 2305.19, the Herns contend that their state claims are not time-barred. This issue was not raised in the district court. Even if there were exceptional circumstances and this court were to address that contention, it lacks merit. The applicable part of that statute provides,
 
 
 11
 In an action commenced, ... if the plaintiff fails otherwise than on the merits, and the time limited for the commencement of such action at the date of ... failure has expired, the plaintiff ... may commence a new action within one year after such date.
 
 
 12
 OHIO REV.CODE § 2305.19. The Herns' counterclaims in the Ohio action, based on the same allegations as the claims in this case, were apparently filed pursuant to that statute.[2] "The saving statute can be used only once to invoke an additional one-year time period in which to file an action."[3] Hancock v. Kroger Co., 659 N.E.2d 336, 338 (Ohio Ct.App.1995).
 
 
 13
 Because all of the Herns' claims are barred by applicable statutes of limitation, no issues of fact are material, and GM and GMAC are entitled to judgment as a matter of law. This court need not address the contentions of GM and GMAC that the claims are barred by res judicata and otherwise not supported by the evidence.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 After several depositions had been taken in that case, GMAC moved for summary judgment. James and Thomas Hern then failed to appear for depositions scheduled in the case. The Herns failed to respond to GMAC's motion for summary judgment within the time set by the Ohio court
 
 
 [2]
 Otherwise, those claims would have been time-barred
 
 
 [3]
 Even if that statute provided the Herns a second opportunity to file time-barred claims, the state law claims were pending in Ohio court when this action was filed, on June 30, 1994; the Herns had not "fail[ed] otherwise than on the merits." OHIO REV.CODE § 2305.19