The dissent states that the statute of limitations and resjudicata defenses are not jurisdictional, so they must be raised under Civ. R. 12(B)(6). The dissent further states that the trial court can not sua sponte dismiss a case under Civ.R. 12(B)(6) without giving the parties an opportunity to respond. However, even if appellant responded that appellee had entered into an agreement waiving the "two dismissal rule," the "two dismissal rule" can not be waived. As stated by the majority, the case law is clear that the savings statute can be used only once. See Koslen v. American Red Cross (Sept. 4, 1997), Cuyahoga App. No. 71733, unreported; Hancock v. Kroger (1995), 103 Ohio App.3d 266
. Appellant can not claim equitable estoppel. Appellant can not show a reasonable and good faith reliance on appellee's agreement to waive the "two dismissal rule." See generally Doe v.Blue Cross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369, 379;Walworth v. BP Oil Co. (1996), 112 Ohio App.3d 340, 345.
Therefore, the parties can not agree to use the savings statute twice; when legislature granted the use of the savings statute only once.