JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Brenda Smith-Duncan ("appellant") appeals from the judgment of the trial court, alleging that the trial court improperly dismissed her case against defendant-appellee Dr. Susan Stephens ("Dr. Stephens"). For the reasons set forth below, we affirm.
 {¶ 2} The following procedural facts are undisputed. In August of 1994, appellant filed a complaint against, among others, Dr. Stephens for medical malpractice which occurred on March 2, 1993. Pursuant to R.C. 2305.11, the statute of limitations had expired on appellant's claim on March 2, 1994. In February of 1995, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) and the complaint was dismissed without prejudice on March 8, 1995.
 {¶ 3} In February of 1996, appellant refiled her complaint pursuant to the savings statute, R.C. 2305.19. The case was stayed due to the bankruptcy proceedings of one of the insurers.
 {¶ 4} During discovery, appellant learned that her expert witness no longer had a medical license. Appellant thereafter filed a "Motion for Emergency Extension or, in the Alternative, for a Dismissal pursuant to Civ.R. 41(B)(1)(3). On November 16, 1999, the trial court dismissed the case without prejudice in the following journal entry:
 {¶ 5} "Based upon plaintiff's expert recently losing his license, case is dismissed pursuant to Civ.R. (B)(3) without prejudice with ability to refile w/in 1 year. Final. VOL."
 {¶ 6} In November of 2000, appellant refiled her complaint for the third time. Dr. Stephens filed a motion to dismiss, which the trial court denied in the following journal entry:
 {¶ 7} "Motion of Defendant Susan E. Stephens, M.D. for dismissal of Plaintiff's Complaint is not well taken and is overruled. The Court finds that the facts of this case are distinguishable from Thomas v. Freeman (1997),79 Ohio St.3d 221. More importantly, the procedural facts in this case do not fit the rationale for preventing a second use of the Saving Statute, as stated in Neal v. Maniglia (April 6, 2000), Cuyahoga App. No. 75566, in that the second dismissal was made by the Court in lieu of granting plaintiff additional time to obtain an expert, and for that reason, the dismissal entry explicitly preserved the plaintiff's right to refile. The Court determines that there is no just reason for delay. This constitutes a final judgment pursuant to Civ.R. 54 and R.C. 2505.02 Vol. 2609 PG. 0480."
 {¶ 8} On March 31, 2003, Dr. Stephens filed a motion for summary judgment, which the trial court granted in the following journal entry:
 {¶ 9} "Defendant Dr. Susan Stephens' Motion for Summary Judgment is well-taken and granted. Pursuant to the Supreme Court's decision in Thomas v. Freeman (1997),97 Ohio St.3d 221, and the 8th District Court of Appeals holding in Koslenv. American Red Cross (1997), Cuyahoga County No. 71733, unreported, R.C. 2305.198 may only be used once to refile a case regardless of whether the original action was dismissed by Court or by plaintiff. Plaintiff's complaint in the case at bar is therefore outside the statute of limitations for a medical malpractice claim per R.C. 2305.11 and is not timely filed. Summary judgment is granted for all defendants. Final * * *."
 {¶ 10} It is from this ruling that appellant now appeals, asserting this sole assignment of error for our review:
 {¶ 11} "I. The trial court erred to the prejudice of the plaintiff-appellant Brenda Smith (Duncan) in granting a dismissal utilizing Civil Rule 41(A)(1)(a) where the dismissal was "by order of court" pursuant to Civil Rule 41(A)(2) and Civil Rule (A)(3) contrary to the ruling of June 18, 2001 having previously denied such motion based upon the identical facts and arguments of law."
 {¶ 12} Essentially, appellant's inartfully crafted assignment of error asks this court to review the trial court's decision to grant summary judgment in favor of all of the defendants.
 {¶ 13} We employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585.
 {¶ 14} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Horton v.Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367,369-70, 1998-Ohio-389.
 {¶ 15} The statute of limitations for a medical malpractice action is one year. R.C. 2305.11. Appellees concede for purposes of appeal that the first suit was filed timely. The second and third suits are outside the statute of limitations. The savings statute allows the filing of the second action, and provides in pertinent part:
 {¶ 16} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than on the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." R.C. 2305.19
 {¶ 17} The issue here is whether the savings statute can be applied to the third action where the trial court expressly "preserved" appellant's right to refile the action. We find that it cannot.
 {¶ 18} In Thomas v. Freeman (1997), 79 Ohio St.3d 221, 227, the Ohio Supreme Court stated that:
 {¶ 19} "The savings statute can be used only once to refile a case." citing Hancock v. Kroger Co. (1995),103 Ohio App.3d 266; Iglodi v. Montz (Aug. 4 1995), Cuyahoga App. No. 68621.
 {¶ 20} Thomas did not present the issue of whether the savings statute could be used only once, however. The holding of Thomas was that a trial court's dismissal for failure to prosecute, due to failure to obtain service on the defendant, was a dismissal other than on the merits. The Court noted that the defendant who had not been served was not subject to unlimited refilings, because the savings statute could be applied only once.
 {¶ 21} A number of appellate cases have directly held that the savings statute can be used only once. Hancock v. Kroger
(1995), 103 Ohio App.3d 266, 659 N.E.2d 336, Iglodi, supra,Worytko v. Feng (July 3, 1997), Cuyahoga App. No. 72049,Seawright v. Zabell (Apr. 27, 1989), Cuyahoga App. No. 55232,Mocker v. Goldsmith (Apr. 2, 1996), Mahoning App. No. 94CA169,Gailey v. Murphy (Feb. 24, 1993), Summit App. No. 15805, Nagyv. Patterson (Nov. 9, 1994), Lorain App. No. 94CA005837, cert. denied 71 Ohio St.3d 1502. The savings statute can be used only once, because otherwise, a plaintiff could infinitely refile his action, and effectively eliminate statutes of limitations.Seawright, Hancock, supra. Additionally, as noted inWorytko, supra, the date for filing a new action relates back to the date of filing the immediately proceeding action for limitation purposes. Frysinger v. Leech (1987),32 Ohio St.3d 38. If the savings statute used once, the third action relates back to the second action, which was untimely. That is, the refiling, even if allowed pursuant to Civ. R. 41, must be within the statute of limitations or the savings statute. See Brookmanv. Northern Trading Co. (1972), 33 Ohio App.2d 250, Iglodi, supra.
 {¶ 22} We stated in Iglodi, supra:
 {¶ 23} "Even where a claim is involuntarily dismissed, subsequent refilings are prohibited. * * * This prohibition is premised not on the nature of the dismissal ('otherwise than upon the merits'), but because the refiling of the action was after the expiration of the statute of limitations and the prior case was not filed `in due time' under R.C. 2305.19." (citations omitted).
 {¶ 24} Therefore, we find that the trial court was without authority to enlarge the savings statute under R.C. 2305.19 and summary judgment was properly granted.
 {¶ 25} "[A]ppellant is "conclusively presumed to be aware of the requirements of the rules under which [he] chose to proceed."Payton, supra, 119 Ohio App.3d at 192. * * * although he and the trial court may have understood the dismissal to be `without prejudice,' this understanding does not constitute an authorization for the appellant to proceed in derogation of the statute of limitations. See id. See, also, Heskett v. Paulig
(1999), 131 Ohio App.3d 221, 227-28. * * *." Mihalcin v. HockingCollege (Mar. 20, 2000), 4th Dist. No. 99 CA32.
 {¶ 26} Furthermore, a party may not take advantage of an error that the party induced the trial court to make. State exrel. The V. Cos. v. Marshall, 81 Ohio St.3d 467, 471,1998-Ohio-329. The invited error doctrine is applied when counsel is "actively responsible" for the trial court's error. State v.Campbell, 90 Ohio St.3d 320, 324, 2000-Ohio-183. In this case, appellant concedes that she requested "a dismissal by the court or a continuance." (Appellant's Brief p. 4). The trial court thereafter granted appellant's motion and dismissed the case. We find that appellant invited the trial court to dismiss her case, the error from which the instant appeal stems. Accordingly, we overrule this assignment of error.
 {¶ 27} The judgment is affirmed.
Judgment affirmed.
Corrigan, A.J., and Gallagher, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.