JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Maurice Conway, plaintiff-appellant, appeals from the order of the trial court which entered summary judgment for defendant-appellee Euclid Chemical Company. For the reasons stated below, we affirm the order granting summary judgment in favor of appellee.
 {¶ 2} This appeal raises issues of civil procedure. The pertinent facts are not in dispute. In April 2000, appellant alleged that he was injured on the job while in appellee's employ. He pursued a workers' compensation claim and on April 9, 2001 received the final order of the Industrial Commission disallowing his claim. Pursuant to R.C.4123.512 he had sixty days, or until June 8, 2001, to file an appeal of this ruling with the Court of Common Pleas. On May 14, 2001, appellant timely filed his notice of appeal of the Industrial Commission's final order with the Cuyahoga County Court of Common Pleas in case no. 438886. On May 1, 2002, when appellant failed to appear for trial, the trial court dismissed this case for want of prosecution.
 {¶ 3} On March 31, 2003, appellant refiled his appeal of the Industrial Commission's order in case no. 497919. This case was subsequently dismissed by stipulation of the parties on February 24, 2004. Appellant then filed for the third time his appeal of the Industrial Commission's April 2001 order on February 23, 2005 in case no. 555520.
 {¶ 4} On March 15, 2006, appellee filed its motion for summary judgment in case no. 555520 on the grounds that this third filing of appellant's claim was outside *Page 4 
of the scope of the savings statute and therefore the court lacked jurisdiction to hear the case. Appellant opposed summary judgment on the grounds that the savings statute was "wholly inapplicable" to the matter before the court. Appellant argued instead that since neither the dismissal by the court of the first case, nor the stipulated dismissal of the second case, was a "notice" dismissal under Civ.R. 41(A), the "double dismissal rule" could not be invoked and he was entitled to refile his claim for the third time. The court granted appellee's motion for summary judgment on April 4, 2006, resulting in this appeal.
 {¶ 5} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a trial court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepart., 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 1. I {¶ 6} In his first assignment of error, appellant argues that his claim should not be barred under the "double dismissal rule." The double dismissal rule, found in *Page 5 
Civ.R.41(A), states that "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." As we explained in Olynyk v. Andrish, Cuyahoga App. No. 86009, 2005-Ohio-6632, for a second dismissal to be an adjudication on the merits under the rule, the first dismissal had to be a "notice" dismissal voluntarily filed by the plaintiff under Civ.R.41(A)(1)(a).
 {¶ 7} The dismissal of appellant's first case, no. 438886, was by court order under Civ.R.41(B)(1) for failure to prosecute, not by notice of the plaintiff. The dismissal of appellant's second case, no. 497919, was by stipulation of the parties under Civ.R.41(A)(1)(b), also not a "notice" dismissal. Therefore, appellant has not dismissed any claim by notice and appellant is correct that the double dismissal rule does not apply to bar the filing of the claim for the third time. However, this finding is not dispositive of the issue because the refiling, even if allowed pursuant to Civ.R. 41, must also be within the statute of limitations or the savings statute. Duncan v. Stephens, Cuyahoga App. No. 83238, 2004-Ohio-2402.
 {¶ 8} R.C. 2305.19, known as the savings statute, provides in pertinent part, "[i]n any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." The savings statute is neither a statute of limitations nor a tolling statute extending the statute of limitations. *Page 6 Reese v. Ohio State Univ. Hosp. (1983), 6 Ohio St.3d 162. The savings statute only applies when an action is timely commenced and is then dismissed without prejudice. The savings statute is applicable to R.C.4123.512 appeals to the court of common pleas. Lewis v. Connor (1985),21 Ohio St.3d 1.
 {¶ 9} The statute of limitations for appeals of final orders of the Industrial Commission is sixty days. R.C.4123.512. In the case at bar, the appellant's first action was timely commenced on May 14, 2001. His second and third actions were filed outside of the statute of limitations and not timely commenced. Because the trial court's dismissal of the first action for want of prosecution on May 1, 2002 was otherwise than on the merits, the savings statute allowed the filing of the second action on March 13, 2003.
 {¶ 10} The Supreme Court of Ohio has stated that "the savings statute can be used only once to refile a case." Thomas v. Freeman (1997),79 Ohio St.3d 221, 227, citing Hancock v. Kroger Co. (1995),103 Ohio App.3d 266. This court and other Ohio appellate courts have directly held that the savings statute can be used only once. Neal v.Maniglia (Apr. 6, 2000), Cuyahoga App. No. 75566; Harris v.O'Brien, Cuyahoga App. Nos. 86218 86323, 2006-Ohio-109; Hancock v.Kroger (1995), 103 Ohio App.3d 266; Gruber v. Kopf Builders,147 Ohio App.3d 305, 2001-Ohio-4361; Iglodi v. Montz (Aug. 4, 1995), Cuyahoga App. No. 68621, Mocker v. Goldsmith (Apr. 2, 1996), Mahoning App. No. 94CA169; Gailey v. John Murphy, *Page 7 D.D.S., Inc., (Feb. 24, 1993), Summit App. No. 15805; Nagy v.Patterson (Nov. 9, 1994), Lorain App. No. 94CA005837, certiorari denied,71 Ohio St.3d 1502.
 {¶ 11} When appellant filed his action for the third time on February 23, 2005, he was outside of the statute of limitations and had already used the savings statute once. Therefore, appellant's third filing against the Industrial Commission was time-barred and the trial court was without subject matter jurisdiction to entertain appellant's claim. Summary judgment for appellee was properly granted.
 1. II {¶ 12} In appellant's second assignment of error, he argues that since appellee stipulated to the second dismissal, appellee is equitably estopped from alleging a violation of the savings statute. This issue was not raised before the trial court and may not be raised for the first time on appeal. Mark v. Mellott Mfg. Co., Inc. (1995),106 Ohio App.3d 571, citing Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220. Issues are to be raised at the trial court level or they will be considered waived upon appeal. Id. A reviewing court will not consider issues which the appellant failed to raise in the trial court.Cleveland v. Assn. of Fire Fighters, Local 93 (1991),73 Ohio App.3d 220.
 {¶ 13} Appellant urges us to consider his estoppel argument under the "plain error" exception to this rule. "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application *Page 8 
to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099.
 {¶ 14} We find that there was no error, plain or otherwise, in the trial court's ruling. Appellant cannot rely upon equitable estoppel to preserve his claim. In Neal v. Maniglia, supra, this court determined that the prohibition against repeated use of the savings statute could not be waived. We stated that parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court where subject matter jurisdiction is otherwise lacking. It is clear from the facts of this case that when appellant filed his action for the third time, the statute of limitations had run and the savings statute was no longer available to extend the time for filing. Therefore, even if appellant was able to show that appellee agreed to allow him to refile his claim after the stipulated dismissal, the parties were without authority to make such an agreement, and appellant cannot show a reasonable and good faith reliance on such an agreement.
 {¶ 15} The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 1