OPINION *Page 2 
{¶ 1} Defendant-appellant William R. Dailey ("Dailey") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding him guilty of one count of forgery in violation of R.C. 2913.31, a felony of the fifth degree. For the reasons stated below, the judgment is affirmed.
 {¶ 2} On February 9, 2007, Dailey, Danny Ralph Jr. ("Ralph"), Jennifer Smith ("Smith"), and Harlina Bell ("Bell") rented two motel rooms. Later, the Crawford County Sheriff's office was contacted regarding the use of a stolen credit card. The card had been used to rent the rooms registered to Ralph and Smith. Dailey and Bell were staying in the rooms with them. On February 12, 2007, the grand jury indicted Dailey, along with the others, for aiding and abetting each other in the commission of forgery. The matter proceeded to a jury trial on April 26 and 27, 2007. At the conclusion of the trial, the jury found Dailey guilty of forgery. On July 9, 2007, a sentencing hearing was held. The trial court sentenced Dailey to one year in prison. Dailey appeals from these judgments and raises the following assignments of error.
 The failure of counsel for [Dailey] to object to the leading questions, by the State, of a co-defendant witness rendered counsel's performance ineffective and deficient.
 Further, [Dailey's] conviction is against the sufficiency and manifest weight of the evidence, effectively denying [Dailey] of a *Page 3 fair trial and due process of law as guaranteed by the United States Constitution and Ohio Constitution.
 Moreover, the trial court erred when it overruled counsel's objections as it related to evidence regarding alleged illegal activity by [Dailey], outside the jurisdiction of the trial court, which served to prejudice [Dailey] and for providing the jury with an inappropriate answer to a question posed, to the court, during deliberations, despite the objection of counsel for [Dailey].
 {¶ 3} In the first assignment of error, Dailey claims that he was denied the effective assistance of counsel. "Reversals of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105,772 N.E.2d 181. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108.
 {¶ 4} Dailey claims that his counsel was ineffective for not objecting to the leading questions asked by the state to one of its own witnesses. A review of the record indicates that the majority of questions asked to the witness at issue were leading questions which were made without objection. However, the testimony which connected Dailey to the offense was not made in response to a leading question.
 Q. No discussion about the use of the credit card by him? *Page 4 
 A. He just said that Jennifer was going to use it at Al Smith's.
Tr. 86. Additionally, testimony was presented that Dailey was present when the room was rented and the customer carbon copy of the receipt for the hotel room rented with the stolen credit card was found in his room. Tr. 64, 73. Given this evidence, the failure of defense counsel to object to the leading questions is not likely to have changed the verdict. Thus, counsel was not ineffective and the first assignment of error is overruled.
 {¶ 5} The second assignment of error claims that the judgment of the trial court is not supported by sufficient evidence and is against the manifest weight of the evidence.
 When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Ready (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203. {¶ 6} Here, Dailey was convicted of one count of aiding and abetting another in the commission of forgery by use of a stolen credit card. The State presented evidence that Dailey was aware of the use of the stolen credit card when he went with his co-defendants to purchase two televisions and when he entered *Page 5 
the hotel to rent two rooms and receive $200 in cash. Testimony was given that Dailey had the receipt for one of the televisions in his wallet and the receipt for the hotel rooms was found in his room. Tr. 63-64. The owner of the hotel testified that Dailey was present and participated in the renting of the rooms. Tr. 73. Thus, the conviction for aiding and abetting the commission of forgery is not against the sufficiency of the evidence.
 {¶ 7} Dailey also claims that the verdict is against the manifest weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed.1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the *Page 6 like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 8} A review of the evidence, as discussed above, indicates that Dailey was involved with the commission of the forgery and had knowledge of what was occurring when it was committed. Thus, the evidence does not weigh heavily against conviction. The verdict is not against the manifest weight of the evidence and the second assignment of error is overruled.
 {¶ 9} In the third assignment of error Dailey claims that the trial court erred by overruling counsel's objection to other acts evidence and by erroneously answering a jury question. The first allegation is that the trial court erred by overruling counsel's objection concerning acts outside the jurisdiction of the trial court.
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B).
 {¶ 10} In this case, Dailey objected to testimony concerning and the admission of a credit card receipt from Walmart bearing the signature of "Betty *Page 7 
Mills" at the bottom. Tr. 63. However, the State did not offer the receipt to show that Dailey stole either the credit card or the televisions from Walmart. Instead, the State offered the receipt to show knowledge and absence of mistake on the part of Dailey. Tr. 131. This use is permitted under the rules of evidence. Thus, the trial court did not err in overruling the objection.
 {¶ 11} Finally, Dailey claims that the trial court erroneously answered a question of the jury. During deliberations the jury asked if forgery was the actual signing of the document. Tr. 151. The trial court presented the answer "A person may be guilty of forgery without being the one who actually signed or created the false document" over the objection of defense counsel. Id. Since Dailey was charged with aiding and abetting another in the commission of forgery, it was not necessary for him to have been the person who actually signed the document. Thus, the trial court's answer was a correct statement of the law and there is no error. The third assignment of error is overruled.
 {¶ 12} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur *Page 1