[Cite as *Graf v. Cirino*, 2011-Ohio-3473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96011**

---

## EUGENE GRAF, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## ROBERT CIRINO, M.D., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-733551

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** July 14, 2011

**ATTORNEY FOR APPELLANTS**

Brent L. English
Law Offices of Brent L. English
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, OH   44113-1422


**ATTORNEYS FOR APPELLEES**

Christine S. Santoni
Brian D. Sullivan
Reminger Co., LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH   44115-1093

SEAN C. GALLAGHER, J.:

**{¶ 1}** Plaintiffs-appellants Eugene and Linda Graf appeal the judgment of the Cuyahoga County Court of Common Pleas that dismissed their complaint as time-barred.   For the reasons stated herein, we affirm.

**{¶ 2}** Plaintiffs filed their original complaint for medical malpractice and loss of consortium against Robert Cirino, M.D., and USHC Physicians, Inc., on May 23, 2005, but voluntarily dismissed the case on or about March 24, 2006.   They refiled their case on March 19, 2007, after the statute of

limitations had run, pursuant to the savings statute, R.C. 2305.19. That action was ultimately dismissed without prejudice by the trial court because plaintiffs failed to file an affidavit of merit.[1] Plaintiffs refiled their action again on August 5, 2010, and attempted to invoke the savings statute for a second time. The trial court dismissed the action as time-barred, finding that "plaintiffs may not invoke the savings statute a second time[.]"

{¶ 3} Plaintiffs have appealed the decision of the trial court. They raise two assignments of error challenging the dismissal of their case. Under their first assignment of error, plaintiffs claim the trial court erred by dismissing the case on grounds of res judicata. However, a review of the trial court's decision reflects that the trial court dismissed the action upon determining the savings statute could not be invoked a second time, and therefore the action was time-barred. Under their second assignment of error, plaintiffs claim the trial court erred in its determination regarding the savings statute.

---

[1] The second action initially was dismissed with prejudice. However, following appeal to this court, the Ohio Supreme Court, in *Graf v. Cirino*, 121 Ohio St.3d 2, 2009-Ohio-254, 901 N.E.2d 219, reversed on the authority of *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147. In *Fletcher*, the court held that a dismissal based on a failure to file an affidavit of merit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice. Id. at ¶ 21. However, the court noted that "[i]n the event [the plaintiff] chooses to file the action a third time, then at that point, the parties may raise the saving-statute issue along with any other applicable Civil Rules or statutes, as they see fit." Id. at ¶ 19, fn. 4.

{¶ 4} The savings statute, R.C. 2305.19(A), provides in pertinent part as follows: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than on the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." R.C. 2305.19.

{¶ 5} Plaintiffs acknowledge that a number of courts, including this court, have held that once the statute of limitations has run, the savings statute may be relied upon only one time. However, they ask this court to reexamine this rule. They assert that the plain text of the savings statute, R.C. 2305.19(A), contains no limitations on the number of times it may be used. They claim that the savings statute permits a plaintiff to refile a case within one year of a failure "otherwise than upon the merits" and that there is no reason why a third filing may not relate back to the original filing for limitation purposes. We find no merit to their arguments.

{¶ 6} The savings statute contemplates the right of the plaintiff "to commence a new action" within one year of a failure otherwise than on the merits. *Cero Realty Corp. v. Am. Mfrs. Ins. Co.* (1960), 171 Ohio St. 82, 167 N.E.2d 774. Indeed, "R.C. 2305.19, states that the plaintiff has the right to file a new action, not multiple actions." *Koslen v. Am. Red Cross* (Sept. 4, 1997), Cuyahoga App. No. 71733.

**{¶ 7}** In *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 1997-Ohio-395, 680 N.E.2d 997, the Ohio Supreme Court indicated that "the savings statute can be used only once to refile a case." This court has consistently held the same. E.g., *Conway v. RPM, Inc.*, Cuyahoga App. No. 88024, 2007-Ohio-1007; *Duncan v. Stephens*, Cuyahoga App. No. 83238, 2004-Ohio-2402.

**{¶ 8}** "Savings statutes may apply when a claim filed within the time required by a statute of limitations is dismissed without prejudice but the statute of limitations on the claim has already expired. Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Internatl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. As this court stated in *Duncan*, "The savings statute can be used only once, because otherwise, a plaintiff could infinitely refile his action, and effectively eliminate statutes of limitations." Id. at ¶ 21.

**{¶ 9}** Because plaintiffs utilized the savings statute to refile their complaint in 2007, they may not again take advantage of the savings statute to institute an action that is well beyond the statute of limitations. Accordingly, the trial court did not err in dismissing the action as time-barred.

Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR