[Cite as *Discover Bank v. Tudor*, 2022-Ohio-1134.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

DISCOVER BANK,

    PLAINTIFF-APPELLEE,

    v.

JOHN M. TUDOR,

    DEFENDANT-APPELLANT.

CASE NO. 6-21-09

O P I N I O N

---

Appeal from Hardin County Municipal Court
Trial Court No. CVF2000488

Judgment Affirmed

Date of Decision:  April 4, 2022

---

APPEARANCES:

    *John M. Tudor* Appellant

    *Kirsten R. Armstrong* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant John M. Tudor ("Tudor") brings this appeal from the judgment of the Hardin County Municipal Court in favor of plaintiff-appellee Discover Bank ("Discover") and ordering Tudor to pay Discover $3,982.05. Tudor argues on appeal that the trial court 1) lacked jurisdiction, 2) erred in denying the motion to dismiss, and 3) failed to consider the affirmative defense of accord and satisfaction. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 15, 2020, Discover filed a complaint alleging that credit was extended to Tudor and that Tudor had failed to repay the money when due. Doc. 4. Discover claimed that Tudor owed it $3,982.05 and requested that amount plus interest. Doc. 4. Tudor filed his answer on November 12, 2020, denying the allegations and claiming the affirmative defense of accord and satisfaction. Doc. 20. Tudor alleged that the parties had agreed on a settlement of $1,592.82 and that he had fully paid that amount. Doc. 20.

{¶3} On March 4, 2021, Tudor filed a motion to dismiss alleging that Discover had previously filed a case, case number CVS190042, against him to collect this account. Doc. 211. The motion states that both Discover and Tudor filed motions for summary judgment and both were overruled. Doc. 211. Discover then filed a motion to dismiss without prejudice on June 10, 2019. Doc. 211. Tudor claims that since Discover did not file its second complaint within one year, it was barred from doing so. Doc. 211. Discover filed

a response to the motion claiming that it was not barred from refiling because the applicable statute of limitations had not run. Doc. 214.

{¶4} A trial was held on June 22, 2021. The trial court entered judgment for Discover on July 15, 2021. Doc. 402. Tudor filed a notice of appeal from this judgment. On appeal, Tudor raises the following assignments of error.

## First Assignment of Error

**The trial court lacks jurisdiction over [Discover's] claim because it was not filed within one year of the prior voluntary dismissal of the same case.**

## Second Assignment of Error

**The court failed to grant [Tudor's] motion to dismiss upon close of [Discover's] case which was based on a single witness whose total testimony was hearsay.**

## Third Assignment of Error

**The trial court failed to consider or comment on [Tudor's] evidence of his allegation of the affirmative defense of accord and satisfaction.**

{¶5} In the first assignment of error, Tudor claims that Discover's claim should have been barred for not being refiled within one year of the prior voluntary dismissal of the same matter. Civil Rule 41(A) provides that a plaintiff may voluntarily dismiss a claim against a defendant at any time prior to trial. Civ.R. 41(A)(1). This dismissal is without prejudice. Civ.R. 41(A)(1). This is deemed to be a failure of the claim other than on the merits. *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 659 N.E.2d 336 (10th Dist. 1995).

Case No. 6-21-09

> **In any action that is commenced or attempted to be commenced, if in due time \* \* \* if the plaintiff fails otherwise than upon the merits, the plaintiff \* \* \* may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits *or within the period of the original applicable statute of limitations, whichever occurs later.* This division applies to any claim asserted in any pleading by a defendant.**

R.C. 2305.19(A) (emphasis added). The applicable statute of limitations in this case was six years. R.C. 2305.06. "[T]he statute of limitations for [a credit card] account begins to run on the date of the last activity on the account." *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, ¶ 119, 72 N.E.3d 573. The record shows that as late as August 1, 2018, Tudor was still making payments. Thus, the statute of limitations, at its earliest, would begin running on August 1, 2018. The complaint in this case was therefore filed within the applicable six year statute of limitations. The first assignment of error is overruled.

{¶6} Tudor claims in the second assignment of error that the testimony of Discover's witness, Asha Davis ("Davis"), should have been excluded as her testimony was based upon hearsay. However, evidence of regularly collected business records are not excluded by the hearsay rule. Evid.R. 803(6). Davis testified that she is one of the keepers of records for Discover and that she was familiar with the records. Tr. 3. As part of her regular duties, she reviewed accounts and retrieved documentation for Discover's attorneys. Tr. 10-14. She authenticated Exhibits 1 and 2 as records regularly kept in the course of Discover's business. Tr. 4-7. The trial court determined that Davis had personal knowledge of the account through the regular business practices of Discover and her

-4-

testimony was thus not hearsay pursuant to Evidence Rule 803. Tr. 16. This finding is supported by the evidence. The second assignment of error is overruled.

{¶7} Finally, Tudor claims in the third assignment of error that the trial court failed to consider his evidence regarding the accord and satisfaction. At trial, Tudor testified that he had reached an accord and satisfaction with Discover to pay 40% of the debt. However, he was unable to provide any documentation regarding the agreement or that the payment for that amount was ever received by Discover. The record shows that the trial court did consider the evidence presented. Following the trial, the trial court ruled from the bench and made the following statements.

> **[You're] arguing at that point in time, as a Defendant, that your Exhibit B shows that you paid [Discover] off but you don't have any proof of that. I mean I understand you might not have your check, but your bank records if you wanted to subpoena that check or bring it in, could've shown that that [sic] you have made a payment that you weren't credited for on this. You have no records of that. Honestly you have no records wherein you reached an agreement with them, either that you could pay a portion of what was owed to wipe out this debt.**

Tr. 43. The trial court reiterated this in its judgment entry when it stated that "Defendant stated that he thought he had paid this account off but he failed to introduce any credible evidence to this fact." Doc. 402. The trial court did consider the evidence and found it lacked credibility. This court must give due deference to the credibility determinations of the trier of fact, which is the trial court in this case. *State v. Dailey*, 3d Dist. Crawford No. 3-07-23, 2008-Ohio-274. The third assignment of error is overruled.

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hardin County Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**