[Cite as *State v. Mejia*, 2023-Ohio-3846.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 9-23-13

v.

SIDNEY B. MEJIA,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2022 CR 0146

**Judgment Affirmed**

Date of Decision:  October 23, 2023

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Martha Schultes* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Sidney B. Mejia ("Mejia"), appeals his conviction for aggravated possession of drugs following a jury trial in the Marion County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} On March 9, 2022, Mejia was indicted for aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony.[1] Mejia appeared for arraignment on April 4, 2022 and entered a plea of not guilty.[2]

{¶3} A jury trial was held in the trial court on January 19, 2023 wherein the jury found Mejia guilty of the charge set forth in the indictment.[3] On February 17, 2023, the trial court sentenced Mejia to a 12-month prison term to be run consecutively to the sentence he was currently serving.

{¶4} Mejia timely appeals and raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred In Entering A Finding Of Guilty Because The Verdic [Sic] Was Against The Manifest Weight Of The Evidence Thereby Violating Appellant's Rights Under The Ohio And Federal Constitutions (Record Reference App. Pp. 5-9).**

{¶5} In Mejia's sole assignment of error, he argues that his conviction is against the manifest weight of the evidence.

---

[1] At the time Mejia was indicted in Marion County, he was an inmate in North Central Correctional Complex ("NCCC").

[2] On June 1, 2022, Mejia was indicted in Marion County Common Pleas Court in case number 2022 CR 0324 ("0324")) for aggravated possession of drugs (involving a different incident at NCCC), which the trial court ordered be consolidated with the instant indictment for trial.

[3] Ultimately, case number 0324 was dismissed *with* prejudice by the State in the midst of the trial.

*Standard of Review*

{¶6} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997), and quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). But we must give due deference to the fact-finder, because

> [t]he fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.

*State v. Williams*, 3d Dist. Logan No. 8-20-54, 2021-Ohio-1359, ¶ 8, quoting *State v. Dailey*, 3d Dist. Crawford No. 3-07-23, 2008-Ohio-274, ¶ 7, quoting *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist.1998). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly

in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶7}** Mejia asserts in his manifest-weight-of-the-evidence challenge that Corrections Officer Colton Heck ("C.O. Heck") lacks credibility because he could not recall certain details from the incident and/or had inconsistencies in his testimony when compared to his incident report.

**{¶8}** "'Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact.'" *State v. Chute*, 3d Dist. Union No. 14-22-02, 2022-Ohio-2722, ¶ 30, quoting *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass* at 230, paragraph one of the syllabus.

**{¶9}** Here, the record supports that the jury had the opportunity to observe C.O. Heck testify at trial. It is clear to us from our review of the record that the jury found C.O. Heck to be credible. Indeed, the jury "'is best able "to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony."'" *Chute* at ¶ 31 quoting *Banks* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80

(1984). Significantly, C.O. Heck testified that Mejia was in *actual possession* of the contraband in question. His testimony was both unwavering and uncontroverted on this point. Certainly, it is within the province of the jury to parse out the credible portions of C.O. Heck's testimony as it pertained to any perceived inconsistencies. *See State v. Wainwright*, 7th Dist. Mahoning No. 119 MA 0023, 2020-Ohio-623, ¶ 37, citing *State v. Mastel*, 26 Ohio St.2d 170, 176-177 (1971).

{¶10} Upon the facts presented and after our review of the entire record, we conclude that the evidence supporting Mejia's conviction is of greater weight than the evidence against it, and thus, we will not say that the evidence weighs heavily against Mejia's conviction. Therefore, we conclude that the jury did not clearly lose its way and create such a manifest miscarriage of justice that Mejia's conviction must be reversed.

{¶11} Accordingly, Mejia's assignment of error is overruled.

{¶12} Having found no error prejudicial to Mejia in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas, is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**