[Cite as *State v. Banks*, 2011-Ohio-5671.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96535**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EARL BANKS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539150

**BEFORE:** Keough, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEY FOR APPELLANT**

Christopher R. Lenahan
2035 Crocker Road
Suite 201
Westlake, OH 44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kerry A. Sowul
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113


KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, Earl Banks ("Banks"), appeals his convictions.   For the reasons that follow, we affirm.

{¶ 2}   In 2010, Banks was charged with one count of burglary in violation of R.C. 2911.12(A)(2) and one count of theft in violation of R.C. 2913.02(A)(1).   Banks waived his right to a jury trial and the case was tried to the court.   The trial court found Banks guilty of burglary and an amended count of misdemeanor theft and sentenced him to a total prison term of three years.

**{¶ 3}** Banks appeals, raising two assignments of error contending that his burglary conviction is not supported by sufficient evidence and that both of his convictions are against the manifest weight of the evidence.

**{¶ 4}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, Cuyahoga App. No. 92266, 2009-Ohio-3598, ¶12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 942, paragraph two of the syllabus.

**{¶ 5}** A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

**{¶ 6}** Banks was convicted of burglary in violation of R.C. 2911.12(A)(2), which provides that "no person by force, stealth, or deception shall trespass * * * in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶ 7} Banks contends on appeal that insufficient evidence was presented that he trespassed onto the property by force, stealth, or deception. Specifically, Banks argues that the victim's downstairs exterior door was broken and would not close, thus he did not use force to enter the residence. We disagree.

{¶ 8} The victim, Jamie Laskey, testified that she closed and locked her downstairs exterior door prior to leaving her residence. Laskey testified that although this door was damaged from a prior break-in approximately one year earlier, she was able to close and lock it.

{¶ 9} When she returned home, Laskey found the downstairs exterior door had been forced open, breaking the door knob, and preventing it from closing and locking. When she went upstairs, she found Banks inside her residence. Laskey testified that she could not lock the upstairs interior door to her residence because it did not have a door knob, but that she closed it when she left. Because Banks was found inside the residence, it can be inferred that Banks opened the closed interior door, thus also satisfying the element of "force." Opening a closed but unlocked door meets the requirement of demonstrating "force." *State v. Lane* (1976), 50 Ohio App.2d 41, 46-47, 361 N.E.2d 535.

{¶ 10} Laskey testified that Banks had never been in her residence before and was inside her home without permission. When she questioned Banks about his presence, he responded that he "was checking up on" her and that he "didn't touch anything." At that

moment, Laskey noticed that items belonging to her had been placed in a bag on her kitchen table.

{¶ 11} Accordingly, viewing the evidence in the light most favorable to the prosecution, sufficient evidence was presented going to all the essential elements of the burglary offense.

{¶ 12} Banks was also convicted of an amended count of theft in violation of R.C. 2913.02(A)(1), which states that, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent."

{¶ 13} Banks argues that his burglary and theft convictions are against the manifest weight of the evidence because the testimony of the victim was not credible and inconsistent with her written statement given to police. Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trier of fact is best able "to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶24, citing *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273.

{¶ 14} Based on the record before us, we find Banks's convictions are not against the manifest weight of the evidence. The trial court heard testimony from Laskey that

(1) Banks opened and entered both the downstairs exterior and upstairs interior doors; (2) her personal property was bagged up as if it was going to be removed from her residence; and (3) jewelry was missing from her home.

{¶ 15} Banks testified that he did not use any force to enter Laskey's residence because the downstairs exterior door was open and he never went inside her residence. However, we find the trial court was in the best position to weigh witness credibility. Based on Banks's prior convictions related to breaking and entering, we find the trial court's dismissal of Banks's version of events was reasonable. Moreover, Laskey testified that her personal items found in a bag on the kitchen table were not there when she left earlier that day. Inside the bag was a child's DVD on which Banks's fingerprint was found. Thus, the weight of the evidence shows that Banks was inside Laskey's apartment and placed her personal property inside the bag.

{¶ 16} Laskey also testified that some of her jewelry was missing. Although her written statement to police and trial testimony were inconsistent regarding the value of the jewelry, the trial court weighed this inconsistency and found the value of the jewelry to be that which was supported by documented receipts.

{¶ 17} Based on the trial court's weighing the credibility of the witnesses and the evidence offered into the record, we cannot say that the trial court lost its way in finding Banks guilty of burglary and misdemeanor theft.

{¶ 18} Banks's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR