[Cite as *State v. Brentley*, 2023-Ohio-2530.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-22-61

    v.

JUSTIN L. BRENTLEY,                     O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-22-60

    v.

JUSTIN L. BRENTLEY,                     O P I N I O N

    DEFENDANT-APPELLANT.

**Appeals from Lima Municipal Court**
**Trial Court Nos. 22CRB00350 and 22CRB00637**

**Judgments Affirmed**

**Date of Decision: July 24, 2023**

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Joseph C. Snyder* **for Appellee**

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Justin L. Brentley ("Brentley"), appeals the October 11, 2022 judgment entries of sentence of the Lima Municipal Court. For the reasons that follow, we affirm.

**{¶2}** On March 10, 2022, Brentley was charged by complaint in case number 22CRB00350 for a single count of violating a protection order in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor. Then, on April 19, 2022, Brentley was charged by complaint in case number 22CRB00637 for a single count of telecommunications harassment in violation of R.C. 2917.21(A)(1), a first-degree misdemeanor. On April 26, 2022, Brentley appeared and entered pleas of not guilty in both cases.

**{¶3}** After a bench trial on September 6, 2022, the trial court found Brentley guilty of each count alleged in the complaints. On October 11, 2022, the trial court sentenced Brentley (in case number 22CRB00350) to one year of community-control sanctions, including 180 days in jail, with 150 days suspended conditioned on his compliance with his community-control sanctions. (Case No. 22CRB00350, Doc. No. 19). That same day, the trial court sentenced Brentley (in case number 22CRB00637) to two years of community-control sanctions, including 180 days in jail, which the trial court suspended conditioned on his compliance with his community-control sanctions. (Case No. 22CRB00637, Doc. No. 13). The trial

court further ordered Brentley to serve the sentences consecutively for an aggregate sentence of three years of community control.

**{¶4}** Brentley filed his notice of appeal on October 19, 2022 in case number 22CRB00350, and filed his notice of appeal on November 7, 2022 in case number 22CRB00637. This court consolidated the cases for purposes of appeal. Brentley raises three assignments of error for our review. For ease of our discussion, we will begin by discussing Brentley's third assignment of error, followed by his first and second assignments of error, which we will discuss together.

### Third Assignment of Error

**The Trial Court Erred In Admitting Exhibit C As It Lacked Foundation.**

**{¶5}** In his third assignment of error, Brentley argues that the trial court erred by admitting State's Exhibit C because the State did not present a sufficient foundation to authenticate the exhibit. State's Exhibit C reflects a photograph depicting the victim that was posted in a comment on Change.org—"a free website where anyone can create and share petitions to gather support for different causes." *Randall v. Change.org, Inc.*, N.D.Ca. No. 20-cv-03863-EMC, 2020 WL 7240210, *1 (Dec. 9, 2020). Specifically, Brentley argues that State's Exhibit C was not admissible because the victim did not testify that it "was a fair and accurate depiction." (Appellant's Brief at 10).

*Standard of Review*

**{¶6}** Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶7}** However, a defendant's failure to object to the admission evidence in the trial court waives all but plain error on review. "We recognize plain error '"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."'" *State v. Bradshaw*, 3d Dist. Logan No. 8-22-09, 2023-Ohio-1244, ¶ 21, quoting *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right." *Id.* That is, "[u]nder the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise." *Id.*

*Analysis*

**{¶8}** On appeal, Brentley argues that the trial court erred by admitting State's Exhibit C because the State failed to sufficiently authenticate the exhibit. "Before

evidence may be admitted, it must be authenticated or identified sufficiently 'to support a finding that the matter in question is what its proponent claims.'" *State v. Hoffmeyer*, 9th Dist. Summit No. 27065, 2014-Ohio-3578, ¶ 18, quoting Evid.R. 901(A). "The 'threshold requirement for authentication of evidence is low and does not require conclusive proof of authenticity.'" *State v. Jackson*, 12th Dist. Madison No. CA2019-03-006, 2020-Ohio-2677, ¶ 44, quoting *State v. Freeze*, 12th Dist. Butler No. CA2011-11-209, 2012-Ohio-5840, ¶ 65. "Rather, 'the state only needs to demonstrate a "reasonable likelihood" that the evidence is authentic." *Id.*, quoting *Freeze* at ¶ 65, quoting *State v. Thomas*, 12th Dist. Warren No. CA2010-10-099, 2012-Ohio-2430, ¶ 15. Evidence may be authenticated using circumstantial or direct evidence. *State v. Ross*, 10th Dist. Franklin No. 17AP-141, 2018-Ohio-3027, ¶ 37.

{¶9} "Evid.R. 901(B) provides a non-exhaustive list of examples of authentication or identification conforming with the requirements of the rule * * * ." *Id.* at ¶ 36. Among those examples, the rule provides that evidence may be authenticated by the "testimony of a witness with knowledge that a matter is what it is claimed to be" or by "distinctive characteristics of the matter including appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances." *Id.*, citing Evid.R. 901(B)(1), (4). Generally, Ohio's courts of appeal—applying Evid.R. 901(B)(1)—

permit "'"'"any competent witness who has knowledge that a matter is what its proponent claims [to] testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification.'"'" *Id.* at ¶ 37, quoting *State v. Gibson*, 6th Dist. Lucas No. L-13-1222, 2015-Ohio-1679, ¶ 49, quoting *Secy. of Veterans Affairs v. Leonhardt*, 3d Dist. Crawford No. 3-14-04, 2015-Ohio-931, ¶ 43, quoting *TPI Asset Mgt., LLC v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, ¶ 15 (2d Dist.).

{¶10} In this case, since Brentley failed to object to the admission of State's Exhibit C, he waived all but plain error on review. However, based on our review of the record, it was not error, let alone plain error, for the trial court to admit State's Exhibit C.

{¶11} At trial, the victim identified State's Exhibit C as a photograph that she took of herself in the bathroom of the "apartment that [she] shared" with Brentley which she sent to Brentley while "he was at work." (Sept. 6, 2022 Tr. at 10). *See Ross* at ¶ 39. Based on that testimony, we conclude that the State presented sufficient testimony of a witness with knowledge that photograph is what it is claimed to be for purposes of identification or authentication. Likewise, we conclude that the State presented sufficient evidence to authenticate the photograph by presenting evidence of distinctive characteristics of the image as required by Evid.R. 901. *See id.* at ¶ 40 (concluding that the testimony "that the exhibits in

question were the pictures she took of the Facebook posts" was "sufficient for purposes of identification or authentication pursuant to Evid.R. 901"); *State v. McCarrel*, 10th Dist. Franklin No. 18AP-660, 2019-Ohio-2984, ¶ 40. Thus, we conclude that State's Exhibit C was properly admitted.

{**¶12**} Brentley's third assignment of error is overruled.

### First Assignment of Error

**The State Failed To Produce Sufficient Evidence To Prove Each And Every Element Of The Offenses Charged In The Complaints.**

### Second Assignment of Error

**The Convictions In This Matter Were Against The Manifest Weight Of The Evidence.**

{**¶13**} In his first and second assignments of error, Brentley argues that his violating-a-protection-order and telecommunications-harassment convictions are based on insufficient evidence and are against the manifest weight of the evidence.

*Standard of Review*

{**¶14**} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Thus, we address each legal concept individually.

{**¶15**} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average

mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶16} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing

court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence Analysis*

{¶17} As an initial matter, the record reveals that Brentley failed to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all the evidence.

> In order to preserve the issue of sufficiency on appeal, this court has held that "[w]hen a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence."

*State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 36, quoting *State v. Edwards*, 3d Dist. Marion No. 9-03-63, 2004-Ohio-4015, ¶ 6. Based on this court's precedent, Brentley's failure to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all evidence waived all but

plain error on appeal. *Id.* at ¶ 37, citing *State v. Flory,* 3d Dist. Van Wert No. 15-04-18, 2005-Ohio-2251, citing *Edwards*.

**{¶18}** "However, '[w]hether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic.'" *Id.* at ¶ 38, citing *Perrysburg v. Miller*, 153 Ohio App.3d 665, 2003-Ohio-4221, ¶ 57 (6th Dist.), quoting *State v. Brown,* 2d Dist. Montgomery No. 17891, 2000 WL 966161, *8 (July 14, 2000). "Regardless of the standard used, 'a conviction based on legally insufficient evidence constitutes a denial of due process, and constitutes a manifest injustice.'" *Id.*, quoting *Thompkins,* 78 Ohio St.3d at 386-87. Accordingly, we will proceed to determine whether the State presented sufficient evidence to support Brentley's convictions. *See id.*

**{¶19}** We begin by addressing Brantley's sufficiency-of-the-evidence argument as it relates to his violating-a-protection-order conviction, followed by his telecommunications-harassment conviction.

*Violating A Protection Order*

**{¶20}** Brantley was convicted of violating a protection order under R.C. 2919.27(A)(1), which provides, in its relevant part, that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section 2919.26 or 3113.31 of the Revised Code."

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable

risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature.

R.C. 2901.22(C).

**{¶21}** On appeal, Brentley argues that there is insufficient evidence that he violated a protection order because the State failed to prove that he traveled within the 500-foot distance of Harp "wherever [she] may be found, or any place [Brentley] knows or should know [Harp is] likely to be" as prohibited by the protection order issued on January 8, 2020. (State's Ex. I). However, viewing the evidence in a light most favorable to the prosecution, we conclude that Brentley's violating-a-protection-order conviction is based on sufficient evidence. That is, we conclude that the State presented circumstantial evidence that Brentley traveled within the 500-foot distance prohibited by the protection order. *See State v. Carnicom*, 6th Dist. Wood No. WD-20-027, 2021-Ohio-1675, ¶ 20 (concluding that Carnicom's violating-a-protection-order conviction was based on sufficient evidence since the State "presented strong, circumstantial evidence that Carnicom called [the victim] 52 times after being served with the TPO").

**{¶22}** "Circumstantial evidence is '"the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind."'" *State v. Cole*, 3d Dist. Seneca No. 13-10-30, 2011-Ohio-409, ¶ 23, quoting *State v. Fisher*, 3d Dist. Auglaize No. 2-10-09, 2010-Ohio-5192, ¶ 26,

quoting *State v. Duganitz*, 76 Ohio App.3d 363, 367 (8th Dist.1991). Circumstantial evidence has no less probative value than direct evidence. *State v. Griesheimer*, 10th Dist. Franklin No. 05AP-1039, 2007-Ohio-837, ¶ 26, citing *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. *See also State v. Heinish*, 50 Ohio St.3d 231, 238 (1990) ("This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."). "'[A]ll that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" *State v. Miller*, 8th Dist. Cuyahoga No. 103591, 2016-Ohio-7606, ¶ 61, quoting *Jenks* at 272. "'"Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence."'" *Id.*, quoting *State v. Hawthorne*, 8th Dist. Cuyahoga No. 96496, 2011-Ohio-6078, ¶ 9, quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6 (1960).

{¶23} In this case, the State presented evidence at trial from which the trier of fact could reasonably infer that Brentley traveled within the 500-foot distance prohibited by the protection order. Specifically, the victim testified that she discovered Brentley parked beside the curb in front of her residence on May 10, 2021. She testified that she confirmed that Brentley was the person operating the vehicle parked in front of her residence as she drove past the vehicle. Based on that

evidence, a rational trier of fact could reasonably infer that Brentley traveled within the 500-foot distance prohibited by the protection order. Consequently, a rational trier of fact could have found beyond a reasonable doubt that Brantley violated the protection order. Therefore, Brentley's violating-a-protection-order conviction is based on sufficient evidence.

*Telecommunications Harassment*

**{¶24}** Next, we will address the sufficiency of the evidence supporting Brentley's telecommunications-harassment conviction. As an initial matter, Brentley contends that his telecommunications-harassment conviction is based on insufficient evidence because the State presented insufficient evidence that he "'knowingly post[ed] a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening, or harassing another person.'" (Appellant's Brief at 6, quoting R.C. 2917.21(B)(2)). Brentley was not convicted of telecommunications harassment under R.C. 2917.21(B)(2). Rather, Brentley was convicted of telecommunications harassment under R.C. 2917.21(A)(1).

**{¶25}** The telecommunications-harassment offense of which Brentley was convicted provides, in its relevant part, that

> [n]o person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller * * * [m]akes the telecommunication with purpose to harass, intimidate, or abuse any person at the premises to

which the telecommunication is made, whether or not actual communication takes place between the caller and a recipient.

R.C. 2917.21(A)(1). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). As used under R.C. 2917.21(A), "'[c]aller'" means the person * * * who makes or causes to be made a telecommunication or who permits a telecommunication to be made from a telecommunications device under that person's control." R.C. 2917.21(G)(2).

{¶26} As relevant here, a telecommunication is "the origination, emission, dissemination, [or] transmission * * * of data [or] images * * * over any communications system by any method, including, but not limited to, a fiber optic, electronic, magnetic, optical, digital, or analog method." R.C. 2913.01(X). Likewise, a telecommunications device includes

> any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem.

R.C. 2913.01(Y).

{¶27} However, Brentley does not dispute the evidence concerning the underlying elements of his telecommunications-harassment conviction; rather, he disputes the issue of identity as to his convictions. *Compare State v. Missler*, 3d

-14-

Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 13. Thus, we will address only the identity element of the offense. *Accord id.* "'It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue.'" *Id.*, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 27. "'The identity of a perpetrator may be established using direct or circumstantial evidence.'" *State v. Osborne*, 9th Dist. Wayne No. 09CA0004, 2010-Ohio-1922, ¶ 6, quoting *State v. Flynn*, 9th Dist. Medina No. 06CA0096-M, 2007-Ohio-6210, ¶ 12.

**{¶28}** In support of his sufficiency-of-the-evidence challenge, Brentley argues that a rational trier of fact could not have found that he was the "caller" or "was the one who posted the[] comments and images." (Appellant's Brief at 6). Specifically, Brentley argues that his telecommunications-harassment conviction is based on insufficient evidence because State's Exhibit C was inadmissible. We disagree.

**{¶29}** First, based on our determination under Brentley's third assignment of error, State's Exhibit C was properly admitted into evidence. Nevertheless, even if State's Exhibit C was inadmissible, the State presented sufficient evidence that Brentley was the caller or the person who posted the comments and images on Change.org. Specifically, the victim testified that Brentley was the caller or person

who posted the comments and images on Change.org because the comments contained information that only Brentley would know and because she sent the images to only Brentley. *See In re Q.W.*, 8th Dist. No. 104966, 2017-Ohio-8311, ¶ 12 (concluding that "that the state proved the essential elements of telecommunications harassment beyond a reasonable doubt" because "[t]here was evidence linking Q.W. to the alleged calls and to the text messages by extension"). Consequently, a rational trier of fact could have found beyond a reasonable doubt that Brentley was the caller or the person who posted the comments and images on Change.org. Therefore, Brentley's telecommunications-harassment conviction is based on sufficient evidence.

*Manifest Weight of the Evidence*

**{¶30}** Having concluded that Brentley's violating-a-protection-order and telecommunications-harassment convictions are based on sufficient evidence, we next address Brentley's arguments that his violating-a-protection-order and telecommunications-harassment convictions are against the manifest weight of the evidence.

**{¶31}** However, as an initial matter, Brentley's contention challenging the manifest weight of the evidence extends only to his violating-a-protection-order conviction. *See State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 10. That is, Brentley offers no support for his argument that his telecommunications-

harassment conviction is against the manifest weight of the evidence. "[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7, citing *State v. Cook*, 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "Moreover, '[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id.*, quoting *Cook* at ¶ 27. "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R. 12(A)(2). "Additionally, App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *Id.*, quoting App.R. 16(A)(7).

**{¶32}** Importantly, Brentley failed to include an argument regarding how his telecommunications-harassment conviction is against the manifest weight of the evidence and failed to provide citations to the authorities, statutes, and parts of the record that support his argument. As a result, we will not develop on Brentley's

behalf an argument regarding how his telecommunications-harassment conviction is against the manifest weight of the evidence argument. *See State v. Laws*, 3d Dist. Allen No. 1-20-10, 2021-Ohio-166, ¶ 32.

**{¶33}** Nevertheless, Brentley contends that his violating-a-protection-order conviction is against the manifest weight of the evidence because the evidence identifying him as the person who committed the offenses lacks credibility and reliability. "Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact." *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus. "The trier of fact is best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.*, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

**{¶34}** On appeal, Brentley argues that his violating-a-protection-order conviction is against the manifest weight of the evidence because the State's witnesses—the victim and the victim's son—had "a clear motive * * * to misrepresent themselves." (Appellant's Brief at 7). Specifically, Brentley contends that the victim's testimony was not believable since she testified that she saw

Brentley "driving a Bentley"—an expensive vehicle—despite "require[ing] appointed counsel." (*Id.* at 8). Likewise, Brentley contends that the victim lacked credibility because she testified that she "went directly to the police" after seeing Brentley but that "[n]o police report or document was produced to show she came into the police station." (*Id.*). Furthermore, Brentley contends that the victim's son was not credible because "[t]he state wanted the judge to believe that a sixteen-year-old boy would be without his cell phone at any time" and because he stated that the car "windows were tinted but he saw [Brentley] clear as day." (*Id.*).

{¶35} After reviewing the evidence, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice as to its credibility determination requiring that we reverse Brentley's conviction and order a new trial. Even though the "'credibility of the witnesses was the primary factor in determining guilt'" in this case, "'"the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."'" *State v. White*, 3d Dist. Seneca No. 13-16-21, 2017-Ohio-1488, ¶ 50, quoting *In re N.Z.*, 11th Dist. Lake Nos. 2010-L-023, 2010-L-035, and 2010-L-041, 2011-Ohio-6845, ¶ 79, quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). Importantly, Brentley's trial counsel explored the credibility issue at trial and thoroughly cross-examined the victim and her son. *See State v. Bachman*, 6th Dist. Fulton No. F-17-006, 2018-Ohio-1242, ¶

18. Thus, in reaching its verdict, the trier of fact was free to believe all, part, or none of the testimony of each witness, and the trier of fact was permitted to draw reasonable inferences from the evidence presented. *State v. Dewberry*, 2d Dist. Montgomery No. 27434, 2020-Ohio-691, ¶ 44.

**{¶36}** As a result, after reviewing the entirety of the record, we conclude that Brentley's arguments concerning the weight of the evidence are unpersuasive. Therefore, we conclude that Brentley's violating-a-protection-order conviction is not against the manifest weight of the evidence.

**{¶37}** Brentley's first and second assignments of error are overruled.

**{¶38}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/jlr**