[Cite as *State v. Chafin*, 2023-Ohio-4477.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

THOMAS E. CHAFIN,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-10

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 2022-CR-047

Judgment Affirmed

Date of Decision: December 11, 2023

APPEARANCES:

    *April F. Campbell* for Appellant

    *Raymond A. Grogan, Jr.* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Thomas E. Chafin ("Chafin"), appeals the judgment of the Marion County Court of Common Pleas. Chafin was found guilty by a jury of one count of rape and one count of gross sexual imposition ("GSI"). On appeal, he argues that the jury's verdict as to the rape charge is based upon insufficient evidence and is against the manifest weight of the evidence. For the reasons set forth below, we affirm.

{¶2} The genesis of this case is Chafin's sexual activity with D.C., his seven-year-old daughter in Marion County, Ohio on August 26, 2021.

{¶3} On January 19, 2022, the Marion County Grand Jury indicted Chafin on the two criminal charges including Count One for rape in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony, and Count Two for GSI in violation of R.C. 2907.05(A)(4), (C)(2). On January 24, 2022, Chafin appeared for arraignment and entered not guilty pleas.

{¶4} Chafin proceeded to a jury trial on November 7 and 8, 2022, wherein he was found guilty of both counts in the indictment. The jury further found that D.C. was less than 10 years of age at the time the rape offense occurred.

{¶5} The trial court held a sentencing hearing on January 13, 2023. The trial court found that the rape and GSI offenses were allied offenses of similar import and merged them the purposes of sentencing with the State electing to proceed to

sentencing on the rape charge. Thereafter, the trial court sentenced Chafin to life imprisonment without parole.

{¶6} Chafin filed a timely notice of appeal and raises two assignments of error for our review, which we will address together.

**First Assignment of Error**

**The State's evidence that Chafin committed rape was legally insufficient as a matter of law.**

**Second Assignment of Error**

**The evidence weighed manifestly against convicting Chafin of rape.**

{¶7} In Chafin's assignments of error, he argues that the jury's finding of guilt for rape (under Count One) is based upon insufficient evidence and is against the manifest weight of the evidence.

*Standard of Review*

{¶8} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Thus, we address each legal concept individually.

{¶9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio

St.3d 259 (1981), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *Smith*, 80 Ohio St.3d at 89. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 1st Dist. Hamilton No. C-110097, 2011-Ohio-6267, ¶ 25. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶10} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*,

10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency-of-the-Evidence Analysis*

**{¶11}** Chafin is challenging the jury's finding of guilt for rape (under Count One) arguing that it is insufficient as a matter of law. R.C. 2907.02 provides in its pertinent parts:

> (A)(1) No person shall engage in *sexual conduct* with another who is not the spouse of the offender * * *, when any of the following applies:
>
> * * *.
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

(Emphasis added.) R.C. 2907.02(A)(1)(b).

**{¶12}** Chafin argues that the jury verdict for rape under Count One is based upon insufficient evidence and the State did not present any evidence of sexual conduct. Specifically, he attacks whether the State presented sufficient evidence of penetration.

**{¶13}** "Sexual conduct" is defined to mean

> vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; *and*,

without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

(Emphasis added.)  R.C. 2907.01(A).

{¶14} Since Chafin does not dispute any of the underlying elements of the offense for which he was found guilty and sentenced, other than sexual conduct (as it relates to the jury's finding of guilt for rape), we need only address that issue.

{¶15} Importantly, R.C. 2907.01 defines several forms of sexual conduct. Specifically, and relevant to Chafin's argument, the statute delineates digital penetration as a form of sexual conduct.

{¶16} Significantly, the State called the SANE nurse and the forensic interviewer to testify at trial in its case-in-chief.  The SANE nurse testified on direct-examination that D.C. stated that he (Chafin) put his finger *in* her vagina; however under cross-examination, she acknowledged that this information was not quoted in the patient narrative of her report.  (Nov. 7, 2022 Tr., Vol. I, at 181 191-192).  (*See* State's Ex. 3).  Moreover, she testified that during her examination of D.C. she observed a linear abrasion (i.e., a long scratch on D.C.'s upper thigh) after D.C. stated that Chafin scratched her with his fingernails, which was consistent with the history provided by D.C.  (*Id.* at 182).  She further noted generalized redness near D.C.'s labia majora and labia minora.  (*Id.*).  The forensic interviewer testified that Chafin did not simply *touch* D.C.'s vagina with his hand, but rather put his hand *in*

her vagina.[1]  D.C.'s recorded interview was played for the jury and was consistent with the forensic examiner's testimony at trial.  (*See* State's Ex. 11).  In that interview, D.C. described how Chafin's fingernails hurt her as he used his hand to go *in* her vagina.

{¶17} The State also called a forensic scientist from BCI to testify at trial to the presence of male DNA located in D.C.'s upper *mons pubis* area above the labia. (Nov. 8, 2022 Tr., Vol. II, at 343).  She testified, however, that there was not enough data present of sufficient quality for comparison with Chafin's DNA.

{¶18} Lastly, at trial, the State and defense agreed to the admission of Chafin's stipulated-polygraph examination into evidence.  The polygraph examiner testified that when he asked Chafin if he put his finger in D.C.'s vagina, forced his finger into D.C.'s vagina, and put anything into her vagina, deception was indicated.

{¶19} This evidence, construed in a light most favorable to the State, reasonably supports the jury's determination that Chafin engaged in "[s]exual conduct" with D.C.  Consequently, we conclude that Chafin's rape conviction is supported by sufficient evidence.

---

[1]In her forensic interview, D.C. never used the term "finger", instead she stated that Chafin put his "hand" *in* her "privates".  Regardless of whether Chafin penetrated D.C. with some combination of one or more of his digits or his whole *hand*, her statements as well as the statement of the other witnesses support that vaginal penetration occurred.

*Manifest-Weight-of-the-Evidence Analysis*

**{¶20}** We now turn to Chafin's argument that the jury's verdict as to Count One (for rape) is against the manifest weight of the evidence since he argues that the SANE nurse only testified to sexual contact and not sexual conduct and that the redness noted could have been the result of uncleanness rather than a sexual act. We disagree.

**{¶21}** As we highlighted in our resolution of Chafin's sufficiency argument, not only did the SANE nurse testify that D.C. disclosed that Chafin put his hand *in* her vagina, but also so did the forensic examiner and her recorded interview with D.C. was played for the jury. (Nov. 7, 2022 Tr., Vol. I, at 176, 180, 181, 197, 366). (*See* State's Ex. 11). Thus, his sexual-contact argument is wholly without merit.

**{¶22}** Chafin's redness argument is predicated on his assumption that the jury should have found the SANE nurse not credible. It is clear to us from our review of the record that the jury found the SANE nurse to be credible. "'Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact.'" *State v. Chute*, 3d Dist. Union No. 14-22-02, 2022-Ohio-2722, ¶ 30, quoting *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Indeed, the jury is "best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'"

*Banks* at ¶ 31, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

{¶23} Based upon our review of the entire record, we conclude that the evidence supporting the jury's finding of guilt for rape is of greater weight than the evidence against it. Additionally, we will not conclude that jury's witness-credibility determination is unreasonable. Therefore, we do not conclude that the jury clearly lost its way, which created a manifest miscarriage of justice such that Chafin's rape conviction (under Count One) must be reversed and new trial ordered. Consequently, we conclude that the jury's finding of guilt for rape under Count One is not against the manifest weight of the evidence.

{¶24} Accordingly, and for the reasons set forth above, Chafin's first and second assignments of error are overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**