[Cite as *State v. Bonifas*, 2025-Ohio-5177.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANTHONY J. BONIFAS,

    DEFENDANT-APPELLANT.

CASE NO. 15-25-02

OPINION AND
JUDGMENT ENTRY

Appeal from Van Wert County Municipal Court
Trial Court No. CRB 2400461

Judgment Affirmed

Date of Decision: November 17, 2025

APPEARANCES:

    *Austin C. Buchholz* for Appellant

    *John Hatcher* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Anthony J. Bonifas ("Bonifas"), appeals the January 13, 2025 judgment of conviction and sentence of the Van Wert Municipal Court.

{¶2} This case arises from an August 4, 2024 confrontation between Bonifas and Alyiah Smith ("Smith") culminating in Bonifas yelling "That's it. I'm blowing up your house." On September 16, 2024, a complaint was filed in the Van Wert Municipal Court charging Bonifas with a single count of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor. At his initial appearance on October 8, 2024, Bonifas entered a not-guilty plea.

{¶3} A trial to the court was held on January 10, 2025[1], at the conclusion of which the trial court found Bonifas guilty as charged. The court proceeded immediately to sentencing and Bonifas was sentenced to 90 days of local incarceration, fined $100, and ordered to have no-contact with the victim for five years. The trial court filed its judgment entry of conviction and sentence on January 13, 2025.

{¶4} On February 7, 2025, Bonifas filed his notice of appeal. He raises two assignments of error, which we elect to address together.

---

[1] We note that although the trial transcript references February 11, 2025, it appears that the trial was held on January 10, 2025.

**First Assignment of Error**

**Appellant's conviction was not supported by sufficient evidence presented at trial.**

**Second Assignment of Error**

**Appellant's conviction was against the manifest weight of the evidence presented at trial.**

{¶5} In his first assignment of error, Bonifas argues that his conviction for aggravated menacing was not supported by legally sufficient evidence. In his second assignment of error, Bonifas argues that his conviction was against the manifest weight of the evidence. For the reasons that follow, we disagree.

*Standards of Review*

{¶6} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997), *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, we address each legal concept individually.

{¶7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Consequently, "[t]he relevant inquiry is whether, after viewing the evidence in a

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.).

{¶8} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'[w]eigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses and determine[] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Bonifas's Conviction*

**{¶9}** The trial court found Bonifas guilty of aggravated menacing in violation of R.C. 2903.21(A). That statute provides, in relevant part:

> No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person . . . or a member of the other person's immediate family.

**{¶10}** As the statute indicates, the State was required to prove that Bonifas acted knowingly, and pursuant to R.C. 2901.22(B), "[a] person acts 'knowingly,' regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." "Aggravated menacing does not require proof that the defendant is able to carry out his or her threat or that the defendant intends to carry out the threat or believes himself or herself capable of carrying it out." *State v. Gardner*, 2017-Ohio-7241, ¶ 21 (8th Dist.). "Nor does it require an 'imminent fear of serious physical harm.'" *Id.*, quoting *State v. Wetherby*, 2013-Ohio-3442, ¶ 63 (5th Dist.). "It is sufficient if the defendant knowingly causes the victim to believe the defendant will carry his or her threat into execution." *Id.*

*Evidence at Trial*

**{¶11}** At trial, Smith testified that she was 21 years old and lived at 903 Erie Street in Delphos, Van Wert County, Ohio. (Jan. 10, 2025 Tr. at 5, 7). Bonifas lived in the house two houses behind her for approximately ten

years. (*Id.* at 5-6). Smith recalled that she had a number of negative interactions with Bonifas throughout that time, including Bonifas yelling at her and the other neighborhood kids. (*Id.* at 7-8). Smith also recounted a time when Bonifas threw eggs at her. (*Id.* at 8). Further, although Bonifas had never previously physically assaulted Smith, she was aware of a situation where Bonifas physically assaulted Smith's cousin. (*Id.* at 8-9). Julie Wagner, Smith's mother, testified that in the ten years they have been neighbors with Bonifas, there have been multiple "incidents" and that the family has learned to keep their distance from him. (*Id.* at 40-41, 53-54).

{¶12} According to Smith, on August 4, 2024, she was standing outside of her home when a white SUV drove past. (*Id.* at 9). Smith recalled that the person in the passenger seat waved at her and, not immediately recognizing the person as Bonifas, she did not wave back. (*Id.* at 9-10). Smith testified that Bonifas then called her a "bitch," which shocked Smith. (*Id.* at 10).

{¶13} Approximately 15 minutes later, Bonifas rode his bicycle by Smith's house while she was sitting outside. (Jan. 10, 2025 Tr. at 10-11). Bonifas said something to Smith which, because she was listening to music through headphones, she could not hear. (*Id.* at 11). Smith removed her headphones and asked, "What did you say?" Bonifas replied, "You fucking

heard me." (*Id.*). After Smith denied that she heard him, Bonifas stated, "That's it. I'm blowing your house up." (*Id.*).

**{¶14}** Smith recounted that after making that statement, Bonifas continued to his house. (*Id.* at 11-12). Smith testified that Bonifas's actions caused her to be "frightened for [her] life" because she was "scared that he was going to do it." (*Id.* at 12-13). Smith testified that Bonifas's previous actions and his anger toward her and other members of the neighborhood factored into her belief that Bonifas would follow through with his threat. (*Id.* at 20). Smith stated that the house she lives in is owned by her parents, but she has resided with them there for over a decade. (*Id.* at 14).

**{¶15}** Patrolman Sarah Couch ("Patrolman Couch") testified that on August 4, 2024, she responded to Smith's residence to investigate an incident involving Bonifas and Smith. (Jan. 10, 2025 Tr. at 23-24). Patrolman Couch stated that, prior to that time, she was familiar with Bonifas due to his involvement in previous incidents. (*Id.*). According to Patrolman Couch, when she arrived at the house, Smith was "beside herself" "terrified," and crying. (*Id.* at 24). After interviewing Smith and her family, Patrolman Couch proceeded to interview Bonifas, who initially denied leaving the house that day. (*Id.* at 26-27).

**{¶16}** After presenting these witnesses, the State rested its case. (*Id.* at 55).

{¶17} The defense called one witness, Bonifas's mother, Susan Bonifas, who denied that Bonifas had issues with Smith or her family in the past. (Jan. 10, 2025 Tr. at 58-60).

*Analysis: Sufficiency of the Evidence*

{¶18} On appeal, Bonifas does not challenge the State's evidence with respect to the statements threatening to "blow up" Smith's house or Smith's belief that Bonifas would carry through on his threat. Rather, Bonifas argues that because Smith's parents owned the house, rather than Smith, that the State did not establish that Bonifas made a threat to Smith, a member of Smith's immediate family, or Smith's property.

{¶19} However, "[a] [trier of fact] can make reasonable inferences from the evidence." *State v. Knight*, 2016-Ohio-8134, ¶ 26 (10th Dist.). "'It is permissible for a jury to draw inferences from the facts presented to them.'" *Id.*, quoting *State v. Sanders*, 1998 WL 78787, *3 (6th Dist. Feb. 13, 1998), citing *State v. Palmer*, 80 Ohio St.3d 543, 561 (1997). Accordingly, even though Smith did not own the house where she lived for the past decade, the trial court could have made an inference that Bonifas, who had been her neighbor for many years, would have been aware that Smith lived in that house with her parents and that her personal belongings were inside. Further, Bonifas's statement, "That's it. I'm blowing up your house," can reasonably be understood to be a threat to the lives of Smith and her immediate family who lived in the house, as well as their property.

{¶20} Accordingly, we reject Bonifas's argument that his conviction for aggravated menacing was not supported by sufficient evidence. Bonifas's first assignment is overruled.

*Analysis: Manifest Weight*

{¶21} In his second assignment of error, Bonifas argues that his conviction was against the manifest weight of the evidence. In support of his motion, he relies on the same arguments he made with respect to the sufficiency of the evidence. We reject those arguments on the same grounds as we did in the discussion of the sufficiency of the evidence.

{¶22} To the extent that Bonifas is attempting to argue that the trial court erred by believing the State's witnesses, we note that "[a] verdict is not against the manifest weight of the evidence because the finder of fact chose to believe the State's [evidence] rather than the defendant's version of the events." *State v. Martinez*, 2013-Ohio-3189, ¶ 16 (9th Dist.). "'Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact.'" *State v. Cox*, 2022-Ohio-571, ¶ 20 (3d Dist.), quoting *State v. Banks*, 2011-Ohio-5671, ¶ 13 (8th Dist.), citing *DeHass*, 10 Ohio St.2d at paragraph one of the syllabus. "'The trier of fact is best able to "view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony."'" *State v. Brentley*, 2023-Ohio-2530, ¶ 33 (3d Dist.), quoting *Banks* at ¶ 13, quoting

*State v. Wilson*, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

**{¶23}** We find that the record fully supports the trial court's credibility assessments, and we find no basis to alter its analysis. Having examined the record, we do not conclude that the court lost its way when it returned a guilty verdict with respect to the aggravated menacing charge. Accordingly, Bonifas's second assignment of error is overruled.

## Conclusion

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Van Wert Municipal Court.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

                                                    Mark C. Miller, Judge

                                                    William R. Zimmerman, Judge

                                                    John R. Willamowski, Judge

DATED:
/jlm